UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANTHONY C. DAILY, | )<br>)<br>) Case No.: C08-0191 CRD |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| MICHAEL J. ASTRUE,<br>Commissioner of Social Security, | ) ORDER RE: SOCIAL SECURITY<br>) DISABILITY APPEAL<br>) |
| Defendant. | )<br>)<br>) |

Plaintiff Anthony Daily appeals the final decision of the Commissioner of the Social Security Administration ("Commissioner") who granted his application for Supplemental Security Income ("SSI") disability benefits under Title XVI of the SSA, 42 U.S.C. sections 1381-83f, but denied his application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("SSA" or the "Act"), 42 U.S.C sections 401-33.[1] For the reasons set forth below, the Court AFFIRMS in part and REVERSES in part the Commissioner's decision and REMANDS the case for further administrative proceedings.

///

///

///

---

[1] A central issue to this case is whether Plaintiff had an application for DIB that should have been considered by the ALJ. The issue is discussed further below.

ORDER - 1

///

## I. FACTS AND PROCEDURAL HISTORY

Plaintiff is a fifty-three-year-old man, forty-five years old at his earliest alleged disability onset date. He has a high school education and work experience as a truck driver. Plaintiff applied for SSI benefits in February 2004 and again in in April 2005 alleging disability since January 2000. The February 2004 application was apparently denied by a different ALJ, however, it is not included in the record before this Court. His claim was denied initially and upon reconsideration, and he timely requested an administrative law judge ("ALJ") hearing. On February 23, 2007, ALJ Alexis issued a decision without holding a hearing, indicating that the decision was "fully favorable" to Plaintiff and awarding him SSI benefits as of April 2005, and awarding no DIB benefits. AR 10, 17. The ALJ based the decision on Plaintiff's April 2005 application and found him disabled as of that date, rather than the disability onset date of January 2000 that was alleged in his February 2004 application. AR 14, 17.

Plaintiff requested review by the Appeals Council and review was denied, rendering the ALJ's decision the final decision of the Commissioner. 20 C.F.R. §§ 404.981, 422.210 (2006). On March 14, 2008, Plaintiff initiated this civil action for judicial review of the Commissioner's final decision.

## II. JURISDICTION

Jurisdiction to review the Commissioner's decision exists pursuant to 42 U.S.C. sections 405(g) and 1383(c)(3).

## III. STANDARD OF REVIEW

Pursuant to 42 U.S.C. section 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 402 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical

testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id*.

## IV. THE DISABILITY EVALUATION

As the claimant, Mr. Daily bears the burden of proving that he is disabled within the meaning of the Social Security Act. *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) (internal citations omitted). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant is disabled under the Act only if his impairments are of such severity that he is unable to do his previous work, and cannot, considering his age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act. *See* 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proof during steps one through four. At step five, the burden shifts to the Commissioner. *Id*. If a claimant is found to be disabled at any step in the sequence, the inquiry ends without the need to consider subsequent steps.

Step one asks whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(b), 416.920(b). In the present case, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset of the disability. AR 16, Finding 1. At step two, the claimant must establish that he has one or more medically severe impairments, or combination of impairments, that limit his physical or mental ability to do basic work activities. If the claimant does not have such impairments, he is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c). In this case, the ALJ found Plaintiff has the severe impairments of

"affective disorder, a schizoaffective disorder, PTSD, substance abuse in sustained remission, diabetes, degenerative joint disease and reduced hearing." AR 16, Finding 2. If the claimant does have a severe impairment, the Commissioner moves to step three to determine whether the impairment meets or equals any of the listed impairments described in the regulations. 20 C.F.R. §§ 404.1520(d), 416.920(d). A claimant whose impairment meets or equals one of the listings for the required twelve-month duration requirement is disabled. *Id.* In this case the ALJ found that Plaintiff's impairments did not meet or equal the requirements of any listed impairment. AR 16, Finding 3.

When the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, the Commissioner must proceed to step four and evaluate the claimant's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e). Here, the Commissioner evaluates the physical and mental demands of the claimant's past relevant work to determine whether he can still perform that work. 20 C.F.R. §§ 404.1520(f), 416.920(f). The ALJ in this case found Plaintiff has the RFC to perform less than a full range of light work. AR 16, Finding 5.

The ALJ next found that Plaintiff is unable to perform any of his past relevant work. AR 16, Finding 6. If the claimant is able to perform his past relevant work, he is not disabled; if the opposite is true, the burden shifts to the Commissioner at step five to show the claimant can perform other work that exists in significant numbers in the national economy, taking into consideration the claimant's RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 416.920(g); *Tackett*, 180 F.3d at 1099, 1100. If the Commissioner finds the claimant is unable to perform other work, the claimant is found disabled and benefits may be awarded. In this case, the ALJ found that Plaintiff's RFC for the full range of light work is reduced by additional limitations, and that, "[c]onsidering the claimant's additional limitations, he cannot make an adjustment to any work that exists in significant numbers in the national economy; a finding of disabled is therefore reached within the framework of medical-vocational rule 202.20 and 202.13 after age 50." AR 16, Finding 11. The ALJ therefore concluded Plaintiff

was disabled as defined in the SSA since April 18, 2005, and on an ongoing basis through the date of the decision. AR 17.

## V. ISSUE ON APPEAL

Plaintiff presents the sole issue on appeal of whether the ALJ erred by deciding his case without giving him the opportunity to attend a hearing. Plaintiff alleges the ALJ did not issue a "fully favorable" decision because the ALJ found him disabled only as of April 2005 and not January 2000. Plaintiff further alleges the ALJ erroneously found no good cause to reopen and revise the prior ALJ's denial of his 2004 application because Plaintiff was not allowed the opportunity to attend a hearing and present evidence of reopening in his favor. Dkt. No. 14, 16.

## VI. DISCUSSION

*The ALJ erred in not providing Plaintiff the opportunity for a hearing.*

Plaintiff asserts that the ALJ erred by not allowing him the opportunity to have an administrative hearing. Plaintiff argues that he has a due process right to a hearing because the decision was not fully favorable to him. Although the ALJ found Plaintiff disabled and awarded SSI benefits, she found him disabled only as of April 2005, whereas Plaintiff alleges an earlier disability onset date of January 2000. The ALJ determined the disability onset date not on medical grounds, but based on the date of Plaintiff's most recent application. The ALJ found that "claimant has not established good cause to reopen and revise the prior determinations on his Title XVI filed on February 10, 2004." AR 14. Plaintiff argues that if he had been allowed a hearing before the ALJ, he would have had the opportunity to present evidence and argument as to why his February 2004 application should be considered.

The February 2004 application is not included in the administrative record, however, it apparently alleges an earlier alleged disability onset date of January 2000. Thus, if the 2004 application were reconsidered and granted, Plaintiff would be awarded DIB in addition to SSI benefits. This is because the disability onset date must be prior to the date Plaintiff was last eligible to receive DIB. Here, the January 2000 alleged onset date is prior to Plaintiff's date last insured of June 30, 2001, therefore, he would qualify for DIB if he was disabled as of January 2000. Plaintiff notes that because he receives income from the Veteran's Administration, he is

rendered ineligible to receive any of the SSI benefits he has been awarded but that he would be eligible to receive DIB. Dkt. 14 at 4.

Defendant argues the ALJ was within her discretion in finding no good cause exists for reopening the 2004 application and considering the January 2000 onset date. However, Plaintiff specifically states he does not ask this Court to review the ALJ's decision to not reopen the 2004 claim, but the ALJ's error in denying him his due process right to a hearing and the opportunity to adjudicate fully his claim with respect to this issue. This Court agrees. Although the Court notes the ALJ did not give any reason why she found no good cause to reopen and revise the prior ALJ's determination after determining P is disabled, this case is remanded because Plaintiff was not given the opportunity for a hearing, where he received a decision that was not fully favorable to him.

Social Security regulations provide that all claimants are entitled to a hearing before an ALJ unless a *wholly favorable* decision can be issued based on the evidence in the record. 20 C.F.R. § 404.948(a)("If the evidence in the hearing record supports a finding in favor of you and all the parties *on every issue*, the administrative law judge may issue a hearing decision without holding an oral hearing. However, the notice of the decision will inform you that you have the right to an oral hearing and that you have a right to examine the evidence on which the decision is based.")(emphasis added). Defendant argues that Plaintiff received a fully favorable decision. Dkt. 15 at 5. This Court disagrees. As acknowledged by the ALJ, Plaintiff alleges an onset date of January 1, 2000. AR 14. Thus, the ALJ's conclusion that he is disabled only as of April 2005 cannot be said to be fully favorable to Plaintiff. The issue of the onset date and, relatedly, the issue of whether good cause exists for reopening and revising the 2004 decision with the January 2000 onset date, were not decided in Plaintiff's favor. The ALJ's decision was not fully favorable to Plaintiff; therefore, Plaintiff had a right to an oral hearing. On remand, the ALJ will give Plaintiff the opportunity to attend an oral hearing and give testimony and evidence regarding the issues that were not decided in Plaintiff's favor.

Defendant also suggests that Plaintiff did not actually file a DIB application, therefore the ALJ properly considered his application from the date of filing in April 2005. Dkt. 15 at 5.

Plaintiff asserts he filed, or believed he had filed, a DIB application, or argues in the alternative that Social Security should have construed it as a request for reopening his prior application. Dkt. 16 at 3. Plaintiff would apparently testify at a hearing that he believed he filed or intended to file a DIB application, or intended to reopen his prior application. Particularly in light of the ALJ's finding that Plaintiff is disabled due to a variety of severe mental impairments, such testimony and any other related evidence should be considered by the ALJ in determining whether good cause exists to reopen the 2004 application.

## VII. CONCLUSION

For the reasons set forth above, the Commissioner's decision is AFFIRMED with respect to the ALJ's ultimate finding of disability, and REVERSED with respect to the disability onset date of April 2005. The case is REMANDED for further administrative proceedings. Plaintiff shall be given the opportunity to present testimony and evidence at a hearing before an ALJ in support of his argument that the January 2000 onset date should be considered.

DATED this 4th day of December, 2008.

Carolyn R. Dimmick
United States District Judge

ORDER - 7